UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN ASHBY,

       Petitioner,

     v.                                                                  16-CV-608(LJV)
                                                                              ORDER
DAVID STALLONE, Superintendent,
Cayuga Correctional Facility,

       Respondent.
_____

The *pro se* petitioner, Kevin Ashby, was convicted of insurance fraud in the third degree and attempted grand larceny in the third degree in the County Court of Niagara County, New York, on April 15, 2016. Docket Item 1 at 1. He challenges his conviction in this Court under 28 U.S.C. § 2254,[1] but he admitted in his petition that he had not appealed his conviction. Docket Item 1 at 1-2. This Court therefore directed him to show cause why his petition should not be dismissed for failure to exhaust state court remedies. Docket Item 6.

Ashby responded that he had good reason for failing to exhaust his remedies: he had procedurally defaulted on his claims, he said, and he therefore was entitled to relief in this Court without having first sought that relief in the New York state courts. Docket Item 7. Ashby also asserted that he was actually innocent and entitled to relief here for that reason as well. Docket Item 7 at 16-17. But Ashby's arguments are misplaced.

---

[1] Ashby lists five grounds for habeas relief. *See* Docket Item 1. He claims that his conviction was obtained by: (1) "use of evidence gained pursuant to an unconstitutional search and seizure," (2) "use of evidence obtained pursuant to an unlawful arrest," (3) "violation of the priv[i]lege against self[-]incrimination," (4) "the unconstitutional denial of effective assistance of counsel," and (5) "malicious prosecution and prosecutorial misconduct." *Id.* at 4-5, 23.

For the reasons that follow, his petition is dismissed, without prejudice, for failing to exhaust state court remedies.

## DISCUSSION

A state prisoner ordinarily may obtain federal habeas relief only after exhausting his claims in state court. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). In order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. One can exhaust claims either through direct appeal or a collateral proceeding, *see, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), but a petitioner has exhausted state court remedies only for those claims that have been "fairly presented" to the state courts, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Smith v. Duncan*, 411 F.3d 340, 349 (2d Cir. 2005). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Murray v. Carrier*, 477 U.S. 478, 489 (1986) (citation and internal quotation marks omitted), *superseded by statute on other grounds*, AEDPA, Pub.L. 104-132, 110 Stat. 1214.

In his response to this Court's order of January 18, 2017, directing him to show cause why his petition should not be dismissed for the failure to exhaust state court remedies, Ashby acknowledges that he has not yet appealed his conviction. Docket Item 7 at 7-8; *see also* Docket Item 1 at 1-2 (petition stating the same). But he argues that all his state court remedies nevertheless are exhausted because he has procedurally defaulted on all his claims.

**I.  Procedural Default**

When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, a federal court will not review those claims as long as the state judgment rests on independent and adequate state procedural grounds.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  But "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).  Moreover, even if a prisoner has defaulted in state court, he still might be able to obtain federal habeas review if he can show "cause" for the procedural waiver and "prejudice" attendant to it.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Murray*, 477 U.S. at 485 ("[A] federal habeas petitioner who has failed to comply with a State's contemporaneous-objection rule at trial must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim.").  Or a petitioner can obtain federal review by "demonstrating that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)."  *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman*, 501 U.S. at 748-50).

**A. Grounds One, Two, Three, and Five**

In response to this Court's order to show cause, Ashby argues that he has procedurally defaulted but that the ineffective assistance of his trial counsel provides the necessary "cause" for that default.  Docket Item 7 at 3-4.  His argument is not entirely

3

off base: procedural default can itself exhaust claims. "For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris,* 489 U.S. at 263 n. 9). Under such circumstances, the habeas petitioner can be declared to have exhausted his claims either because he has no further "remedies available in the courts of the State," *Grey*, 933 F.2d at 120 (quoting 28 U.S.C. § 2254(b)), or because "there is an 'absence of available State corrective process,'" *Aparicio*, 269 F.3d at 90 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)).

Here, Ashby argues that he procedurally defaulted on his claims because his lawyer failed to object to the admission of certain evidence at trial. Citing New York Criminal Procedure Law (C.P.L.) § 470.05 as the basis of his default on Grounds One, Two, Three, and Five, Ashby argues that "[d]ue to New York State's statutory limitations . . . appeals on matter that were not protested at trial are procedurally barred from consideration on appeal." Docket Item 7 at 3. Ashby is correct that under § 470.05 New York appellate courts generally will consider only objections and legal arguments that have been preserved—that is, presented first to the trial court.[2] *See, e.g.*, *People v. Tevaha*, 84 N.Y.2d 879, 881, 644 N.E.2d 1342, 1342 (1994) (unpreserved objection to witness testimony); *People v. McClain*, 250 A.D.2d 871, 872-73, 672 N.Y.S.2d 503, 504-05 (3d Dep't 1998) (unpreserved claims with respect to admission of evidence);

---

[2] "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." C.P.L. § 470.05(2).

*People v. Smyth*, 233 A.D.2d 746, 749, 650 N.Y.S.2d 821, 824 (1996) (unpreserved claim of prosecutorial misconduct). That arguably suggests procedural default. *See Engle v. Isaac*, 456 U.S. 107, 124-25 & n.28 (1982) (concluding respondents who had failed to satisfy Ohio's contemporaneous-objection rule had procedurally defaulted).

But it is not clear that a New York state court necessarily would find that the failure to object precluded Ashby from raising his claims—that is, that he defaulted. Simply because a New York court might find that Ashby waived his right to raise certain issues by failing to object at trial does not mean that an appellate court necessarily cannot or will not address those issues.

In fact, a New York intermediate appellate court can entertain even unpreserved issues "as a matter of discretion in the interest of justice." C.P.L. § 470.15(6). For instance, a court might reverse or modify a judgment due to an unpreserved trial error that deprived a defendant of a fair trial or resulted in an unduly harsh sentence. *Id.* Although interest-of-justice review may result in reversal only rarely, New York courts have used it, for example, to exonerate an innocent person, *People v. Kidd*, 76 A.D.2d 665, 669, 431 N.Y.S.2d 542, 545 (1st Dep't 1980) (reversing and dismissing indictment where there was "a grave risk that an innocent man has been convicted"), or to respond to "[t]he cumulative harmful effect of the various errors," *People v. Langford*, 153 A.D.2d 908, 910, 545 N.Y.S.2d 610, 611 (2d Dep't 1989). Especially because Ashby raises his "actual innocence," *see* point II, *infra*, the New York courts must be given at least one chance to address the issues he raises before he can raise them here.

Moreover, New York courts have found that "an issue of law is preserved even if it is not specifically raised by the defendant so long as the trial court expressly rules on

5

the issue following an earlier objection." *Cotto v. Herbert*, 331 F.3d 217, 244 (2d Cir. 2003). So the state court might find that Ashby actually did comply with § 470.05 in form or in substance and therefore consider the issues he wishes to raise. In sum, it is not "clear that the state court would hold [Ashby's claims] procedurally barred."[3] *Grey*, 933 F.2d at 120 (quoting *Harris*, 489 U.S. at 263 n.9). His failure to exhaust available state court review therefore precludes his claims in this Court at this time.

### B. Ground Four

Because he raised ineffective assistance of counsel (Ground Four of his petition) at trial, Docket Item 1 at 5 (¶ 13), Ashby does not rely on C.P.L. § 470.05 to support federal habeas review of that claim. Instead, he argues that because evidence of his ineffective-assistance claim lies outside the trial record and transcript, "there are state statutory limitations which will render direct appellate review ineffective at protecting the rights of the petitioner." Docket Item 7 at 14. In other words, Ashby argues, "the state appellate court's narrow statutory standard for scope of review . . . makes the process ineffective, ineffectual or inadequate." *Id.* at 6-7. He also maintains that his counsel's *intentional* ineffective assistance constitutes cause for his procedural default on Ground Four. *Id.* at 14.

As previously noted, a habeas petitioner need not exhaust all available state court remedies in the rare event that "there is an absence of available [s]tate corrective

---

[3] Additionally, as discussed below, Ashby's ineffective-assistance claim is not exhausted. Therefore, he could not use that claim to show cause for his purported procedural default on the other grounds of his petition. Otherwise, "if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available." *Murray*, 477 U.S. at 489.

6

process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(B)(i), (ii).  But neither is the case here.  Indeed, Ashby admits that even with respect to his direct appeal, "counsel's unabashedly deficient representation is not entirely barred from review on the state court level through direct appeal."  *Id.* at 7.

Ashby is correct that ineffective-assistance claims like his can be difficult to raise on direct appeal because the trial "record in many cases will not disclose the facts necessary to decide" whether counsel's assistance was constitutionally ineffective.  *Massaro v. United States*, 538 U.S. 500, 505 (2003).  But just because it might be difficult to bring his ineffective-assistance claim on direct appeal does not mean that New York's appellate procedures are ineffective in protecting Ashby's constitutional rights.  In fact, even if he could not effectively raise his claim on direct appeal, Ashby still could collaterally attack his conviction under C.P.L. § 440.10(1), supplement the trial record, and present his claim to a New York court.  *See People v. Freeman*, 93 A.D.3d 805, 806, 940 N.Y.S.2d 314, 315 (2d Dep't 2012) ("Since the defendant's claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the ineffective assistance claim in its entirety.").  Under such circumstances,[4] asserting federal court jurisdiction without first having sought collateral review in state court would infringe on "[t]he principle of comity . . .

---

[4] To obtain habeas relief, a petitioner need not "ask the state for collateral relief, based on the same evidence and issues already decided by direct review."  *Brown v. Allen*, 344 U.S. 443, 447 (1953); *accord Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 190-91 n.3 (2d Cir. 1982) (en banc) ("[A] petitioner need not give the state court system more than one full opportunity to rule on his claims; if he has presented his claims to the highest state court on direct appeal he need not also seek state collateral relief.").  But when collateral review remains an option for a state court to address an issue that has

7

[, which] would be ill served by a rule that allowed a federal district court 'to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Murray*, 477 U.S. at 489 (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)).

## II. Actual Innocence

Ashby also argues that because he is actually innocent, his petition is in "a further, narrow class of cases" that permits federal habeas review without exhausting state court remedies. Docket Item 7 at 16 (quoting *Murray*, 477 U.S. at 485). Again, his argument is misguided.

"A *habeas* petitioner may bypass [a procedural default] by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citations omitted). This actual-innocence exception applies in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

But actual innocence does not negate the requirement that state courts be given a chance to consider an issue before a federal court does. In other words, a showing of actual innocence may excuse a petitioner's failure to bring a habeas claim within the

---

not been or cannot be considered on direct appeal, a petitioner must pursue that avenue as "an[] available option." 28 U.S.C. § 2254. In other words, when collateral review is available, the barriers to direct appeal that the claim itself might present do not render the state corrective process unavailable so as to excuse exhaustion of collateral state court remedies.

limitations period, but it will not excuse the failure to exhaust state court remedies. "While there is no Second Circuit decision that directly addresses the possibility of an 'actual innocence' exception to the exhaustion requirement, other courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies . . . ." *Saunders v. Comm'r, Dep't of Correction*, 2011 WL 572313, at *3 (D. Conn. Feb. 15, 2011) (discussing *Lambert v. Blackwell*, 134 F.3d 506 (3d Cir. 1997) and *Graham v. Johnson*, 94 F.3d 958 (5th Cir. 1996)). And that makes eminent sense given that actual innocence is most certainly an issue that state courts will consider and therefore should be given the first chance to resolve. *See Johnson v. Glunt*, 2014 WL 5334078, at *4 (E.D. Pa. Oct. 20, 2014) (stating that if a court were to adopt an actual-innocence exception in such a case, "the exhaustion requirement would be eviscerated, allowing the federal court to preempt ongoing state court proceedings").[5]

And even if actual innocence were a reason not to require exhaustion, Ashby's claim here still would fail. His attempts to show his actual innocence rest only on evidence known at the time of his trial, but a successful showing of actual innocence in the post-trial context must be established by *new* evidence. *See House v Bell*, 547 U.S. 518, 536-37 (2006); *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995) (stating that credible actual-innocence claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented

---

[5] Indeed, one of the New York appellate court decisions cited above used actual innocence as a reason to consider unpreserved error. *See Kidd*, 76 A.D.2d at 669, 431 N.Y.S.2d at 545.

9

at trial")). Otherwise, a claim of actual innocence is really nothing more than an invitation to revisit a jury's prior decision.[6]

## **CONCLUSION**

Just as comity dictates that a federal court give due deference to a state's contemporaneous-objection rule, *Wainwright*, 433 U.S. at 89, so too it requires that the state be given an opportunity to address that rule in the first instance. A finding to the contrary would allow prisoners to purposefully circumvent the exhaustion doctrine by failing to object contemporaneously and then barraging federal courts with habeas petitions claiming cause, prejudice, and actual innocence.

Ashby has neither exhausted his state court remedies nor provided this Court with an excuse for his failure to do so. His petition (Docket Item 1) therefore is dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A). Because this dismissal is without prejudice and does not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b), it does not preclude the filing of another petition after he has properly exhausted his state court remedies. In other words, before Ashby can bring another federal habeas petition, he must present his claims to New York courts and properly exhaust his state court remedies. And he is reminded that exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained. *See Daye*, 696 F.2d at 190 n. 3 (2d Cir. 1982).

---

[6] The petitioner additionally argues that he was the victim of racial discrimination, noting that he is African-American and "[m]ost of the time the petitioner spent at trial, he was surrounded by only Caucasians and non-minorities." Docket Item 7 at 15. He "concludes that his denial of a fair trial and due process was orchestrated out of contempt for petitioner as a human-being, a man and a person of color." *Id.* at 16. But he does not state how or why such allegations would excuse failing to exhaust his state court remedies.

10

Moreover, because the issues raised here are not the type of issues that a court could resolve in a different manner, or because these issues are not debatable among jurists of reason, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), this Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and therefore denies a certificate of appealability. Further, this Court certifies that any appeal from this order would not be taken in good faith and therefore denies the petitioner leave to appeal *in forma pauperis*. *Id.* § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, **within 30 days of the date of this order**. Requests to proceed *in forma pauperis* on appeal must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT IS HEREBY ORDERED that the petition (Docket Item 1) is dismissed without prejudice; and it is further

ORDERED that a certificate of appealability is denied; and it is further

ORDERED that leave to appeal *in forma pauperis* is denied.

SO ORDERED.

Dated:   June 21, 2017
         Buffalo, New York

>                  *s/Lawrence J. Vilardo*
>                  LAWRENCE J. VILARDO
>                  UNITED STATES DISTRICT JUDGE